## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JIMMIE FOWLER,

       Petitioner,

v.                                              Case No: 5:13-cv-514-JSM-PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

       Respondents.

_____/

## ORDER

Petitioner Jimmie Fowler (hereinafter "Petitioner" or "Fowler"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the Petition, Respondent's Response (Dkt. # 8), and Petitioner's Reply (Dkt. # 11).  Upon review, this Court determines that it is necessary to have an evidentiary hearing regarding the factual basis of ground one.

## BACKGROUND

Fowler brings this Petition challenging his plea deal and subsequent thirty-year Department of Corrections sentence after pleading no contest to one count of murder in the second degree with a firearm, in violation of Florida Statutes §§ 782.04(2), 775.087(1), 775.087(2)(a)1, 775.087(2)(a)2, and 775.087(2)(a)3. (Dkt. #8, App. A).

The facts leading up to the plea agreement are taken from Fowler's petition as follows. Petitioner found out that his wife ("Ruth") had been having an affair with the victim, Willie Culpepper ("Culpepper"). (Dkt. #1, p. 3). Petitioner had only been married to Ruth for roughly a year, but they had lived together for six years, and were the natural parents of two young boys. (Dkt. #1, p. 2-3)

Culpepper and another man visited Petitioner's house five days after Petitioner learned of the affair. (Dkt. #1, p. 3). The two men taunted Petitioner about his affair with Ruth and provoked him to defend her. (Dkt. #1, p. 3). Petitioner did not react aggressively to the taunting and explained to Culpepper that: "The only thing I care about are [my children]." (Dkt. #1, p. 3). However, when Culpepper told Petitioner that: "[I] lost respect for [Ruth] after we fucked next to your kids in the same bed," Petitioner "totally lost it" because the comment was "directed and focused on [his] boys." (Dkt. #1, p. 3). Immediately after hearing this comment, Petitioner walked six feet into the next room, grabbed a loaded gun, walked back in, and shot Culpepper, who died from his injuries. (Dkt. #1, p. 3)

Petitioner was soon apprehended and held in county jail. (Dkt. #1, p. 3). From county jail, Petitioner spoke over the phone with his brother who explained that Petitioner's action of shooting Culpepper was a heat of passion crime. (Dkt. #1, p. 3). This conversation was the first time Petitioner had heard the phrases "crime of passion" or "heat of passion." (Dkt. #1, p. 3). In a separate phone conversation with his sister, Petitioner told her that he would tell the jury the truth, and the jury would see that he had committed a crime of passion. (Dkt. #1, p. 3).

Approximately two days after the phone conversation with his sister, Petitioner's counsel, Mr. Mehta, visited him in jail. Having heard about Petitioner's phone conversations, Mr. Mehta told Petitioner "[y]our brother Todd does not know what he is talking about" and explained "[t]here is no crime of passion defense in the State of Florida." (Dkt. #1, p. 4).

## PROCEDURAL HISTORY

Petitioner was charged with one count of murder in the second degree with a firearm, in violation of Florida Statutes §§ 782.04(2), 775.087(1), 775.087(2)(a)1, 775.087(2)(a)2, and 775.087(2)(a)3. (Dkt. #8, App. A). Pursuant to a plea agreement, Petitioner pleaded no contest to the offense as charged, and was sentenced to thirty years with a twenty-five year minimum mandatory. (Dkt. #8, App. B). Petitioner took no direct appeal. (Dkt. #8, p. 2).

At his plea colloquy, the state judge asked Petitioner if he believed that Mr. Mehta had not furnished him the kind of advice he deserved, and Petitioner responded that he did not believe that. (Dkt. #8, App. C).  Petitioner was also asked if he understood that he was waiving all affirmative defenses, and he responded that he did. (Dkt. #8, App. C). Further, Petitioner's signed plea agreement stated he was satisfied with his counsel, and he understood he was waiving all affirmative defenses. (Dkt. #8, App. B).

On December 10, 2012, Petitioner filed a 3.850 Motion for Postconviction Relief under the Florida Rules of Criminal Procedure, alleging ineffective assistance of counsel based on Mr. Mehta misadvising him that Florida did not recognize a heat of passion defense. (Dkt. #8, App. E). Petitioner claimed Mr. Mehta's misadvice rendered his plea

3

involuntary, and that he would have insisted on going to trial had he known that heat of passion was a cognizable defense in Florida. (Dkt. #8, App. E).

In denying Petitioner's motion, the state court found that Petitioner had ample opportunity to raise a heat of passion defense (considering Petitioner's contentions that he was familiar with the defense prior to the hearing) or any concerns he had about his counsel at the plea colloquy. (Dkt. #8, App. G). The court further noted that instead of raising either of these concerns, Petitioner expressed satisfaction with his counsel both in his statements at the plea colloquy and his plea agreement. (Dkt. #8, App. G.) Based on this, the court held that Petitioner was precluded from asserting an ineffective assistance of counsel claim. (Dkt. #8, App. G.) Petitioner appealed to the Florida Fifth District Court of Appeal, which affirmed. (Dkt. #8, App. M).

On October 17, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1). The Petition raises the same single issue: that he received ineffective assistance of counsel based on Mr. Mehta's misadvice that Florida does not recognize a heat of passion defense. (Dkt. #1, p. 2).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has established a highly deferential standard for reviewing state court judgments. *See Parker v. Sec'y for Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). The statute provides, in relevant part, that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

4

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

In his Petition, Fowler asserted that the state court's ruling on his postconviction claim was contrary to and an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and that its decision was based on an unreasonable determination of the facts in light of the evidence contained in the state record. (Dkt. #1, p. 5). However, Fowler narrows his focus in his Reply, arguing only that the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (Dkt. #11, p. 10).

Specifically, Fowler claims the state court's finding that he had ample opportunity to raise a heat of passion defense or his concerns regarding his advice from counsel at his plea colloquy is unsupported by sufficient evidence and illogical. (Dkt. #11, p. 10). Establishing that the state court made an unreasonable determination of fact is not an easy hurdle to clear. When reviewing factual determinations, the state court is presumed to be correct, and the applicant has the burden of rebutting the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Petitioner has successfully rebutted this presumption here. Taking Petitioner's factual allegations as true, it is clear that he did not have a meaningful opportunity to either raise a heat of passion defense or express dissatisfaction with counsel at his plea colloquy.

To take either action would have required Petitioner to not only assume that Mr. Mehta's representations about the heat of passion defense were incorrect, but also to have better knowledge of the applicable law than his own lawyer. These are unreasonable expectations, and imposing them essentially forces a defendant to assume responsibility for the deficient conduct of his own counsel.

While Petitioner concedes that he was aware of the heat of passion defense before his plea colloquy, he should not be punished for relying on Mr. Mehta's representations that Florida does not recognize such a defense. This is especially true under these circumstances, where Petitioner alleges that he had no basis to question Mr. Mehta's effectiveness before and during the plea colloquy. (Dkt. #1, p. 4). In light of the facts in the state record, the Petitioner did not have a meaningful opportunity to raise a heat of passion defense or express dissatisfaction with counsel at his plea colloquy.

Respondent argues that even if Fowler's Petition is not dismissed, it still fails on the merits. (Dkt. #8, p. 9). However, if his factual allegations are taken as true, Petitioner presents a viable ineffective assistance of counsel claim.

The standard for ineffective assistance of counsel claims is set out in *Strickland*, where the Supreme Court established a two-pronged test which the Petitioner must meet to prevail. Specifically, the Petitioner must establish: 1) that counsel's performance fell below an objective standard of reasonableness, and 2) that counsel's deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Court determined that the *Strickland* analysis applies to ineffective assistance of counsel claims arising out of the plea

bargaining process. To satisfy the "performance" requirement in the context of a plea agreement, the Petitioner must make the same showing required by *Strickland*: that counsel's performance fell below an objective standard of reasonableness. *Id.* at 57-58. To satisfy the prejudice requirement, the Petitioner must show that there is a "[r]easonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 57. Elaborating on this point, the Court explained that "[w]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense . . . the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59.

If Mr. Mehta did indeed tell Petitioner there is no heat of passion defense in Florida, this would likely constitute a performance falling below an objective standard of reasonableness. Florida courts uniformly recognize heat of passion as a partial defense that may reduce a charge of second-degree murder to manslaughter. *See Palmore v. State*, 838 So. 2d 1222, 1224 (Fla. 1st DCA 2003); *Paz v. State*, 777 So. 2d 983, 984 (Fla. 3d DCA 2000); *Douglas v. State*, 652 So. 2d 887, 890 (Fla. 5th DCA 1995); *Disney v. State*, 73 So. 598, 601 (Fla. 1916). Further, the Eleventh Circuit has held that counsel's affirmative misadvice can constitute deficient performance. *See Bauder v. Dep't of Corr. State of Florida*, 619 F.3d 1272, 1274-75 (11th Cir. 2010).

Turning to the prejudice inquiry, Petitioner has alleged that he would have insisted on going to trial had he known that Florida recognized a heat of passion defense. (Dkt. #1, p. 2). Therefore, whether he was prejudiced by the alleged misadvice turns on whether a

heat of passion defense likely would have succeeded at trial. *See Hill*, 474 U.S. at 59; *McCoy v. Wainwright*, 804 F.2d 1196, 1199 (11th Cir. 1986).

For a killing to take place in the heat of passion under Florida law, there must be "[a]dequate provocation . . . that would be calculated to excite such anger as might obscure the reason or dominate the volition of an ordinary reasonable man." *Rivers v. State*, 78 So. 343, 345 (Fla. 1918). Additionally, if there is adequate provocation, but enough cooling time has elapsed for the defendant to regain his composure between the provocation and the homicide, a heat of passion defense will not be successful. *See Olds v. State*, 33 So. 296, 300 (Fla. 1902). The majority view in jurisdictions with similar "adequate provocation" requirements is that mere words can never constitute the adequate provocation necessary to mitigate an intentional killing to manslaughter. *See State v. Doss*, 568 P.2d 1054, 1060 (Ariz. 1977). However, Florida (and many other jurisdictions) has carved out an apparent exception for "informational words"; essentially words that disclose facts, that, if the fact was observed, would constitute adequate legal provocation. *See Whidden v. State*, 59 So. 561, 562 (Fla. 1912); *Rountree v. State*, 152 So. 20, 21-22 (Fla. 1934).

In *Whidden*, the defendant—who had shot and killed a man his wife alleged had broken into their home and assaulted her—offered to testify that his wife had disclosed to him the alleged break-in and assault only twenty minutes before he shot the deceased. *Whidden*, 59 So. at 561. This testimony was excluded at trial. *Id.* On appeal, the Florida Supreme Court held that the testimony should have been admitted, and reversed and remanded for a new trial. *Id.* at 562. The court reasoned that if the wife did in fact make

8

those disclosures at the time stated, then it might have aroused defendant's passions, and constituted adequate provocation that "[s]uspends the exercise of judgment, and dominates volition . . . ." *Id.* at 561-62.

*Rountree* involves a similar factual scenario. The defendant testified that the night before he committed the homicide, his wife told him that the victim attempted to break up their home, and even once attempted to rape her. *Rountree*, 152 So. at 21. This testimony was excluded at trial. *Id.* As in *Whidden*, the Florida Supreme Court reversed and remanded for a new trial, reasoning that the evidence shed light on defendant's mindset shortly before the homicide, and was relevant to whether defendant had acted in the heat of passion. *Id.* at 22.

The facts of *Whidden* and *Rountree* are strikingly similar to Petitioner's factual allegations. Information that may have constituted adequate legal provocation if witnessed firsthand—that his children were present while Culpepper was sexually intimate with Ruth—was revealed to Petitioner, who, immediately upon receiving this information, shot and killed the victim in an apparent fit of rage. In light of *Whidden* and *Rountree*, it is clear that had Petitioner raised the defense at trial, the jury would have been able to consider whether he acted in the heat of passion or not. Therefore, Petitioner's inability to raise a heat of passion defense after entering into his plea agreement may well have prejudiced him within the meaning of *Hill.*

Having demonstrated that Fowler has raised a potentially viable ineffective assistance of counsel claim, an evidentiary hearing is necessary to determine the accuracy of his factual allegations.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.     An evidentiary hearing is hereby scheduled before the undersigned on **FRIDAY, NOVEMBER 14, 2014, at 1:30 P.M**. at the Golden-Collum Memorial Federal Building and U. S. Courthouse, 207 N.W. Second Street, Ocala, Florida  34475.  Time reserved:  Two (2) hours.  (Courtroom to be determined.)

2.     Counsel for the government shall take appropriate steps to ensure the attendance of the Petitioner at the hearing as well as his former counsel, ISHIR MEHTA, P.O. Box 7800, Tavares, FL 32778-7800, and any other witnesses deemed necessary to address the issue of whether Mr. Mehta affirmatively misadvised Petitioner that a heat of passion defense is not cognizable in Florida.

3.     Magistrate Judge Lammens is hereby requested to appoint Petitioner new counsel for the purposes of the hearing, said counsel to secure the attendance of any witnesses deemed necessary by Petitioner to address this issue.

DONE AND ORDERED at Tampa, Florida on this 1st day of August, 2014.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
CRD Maurya McSheehy, Ocala Division

F:\Docs\2013\13-cv-514 OCALA evid hearing.docx