**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

JIMMIE FOWLER,

    Petitioner,

v.                                            Case No: 5:13-cv-514-Oc-30PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.

## ORDER

THIS CAUSE comes before the Court upon the petition of Jimmie Fowler pursuant to 28 U.S.C. § 2254 (Dkt. #1). This Court previously determined that an evidentiary hearing was necessary regarding the factual issues in the case. (Dkt. #16). That evidentiary hearing occurred in Ocala, Florida, on November 14, 2014. After hearing the testimony and reviewing the documents placed in evidence, including the depositions of two witnesses filed of record (Dkts. #26 and #27), the Court concludes the petition should be denied.

## Background

Fowler was charged by amended information with one count of murder in the second degree with a firearm in violation of Fla. Stat. §§ 782.04(2), 775.087(1), 775.087(2)(a)1, 775.087(2)(a)2, and 775.087(2)(a)3. In Florida, second degree murder is

a first degree felony punishable by 30 years imprisonment. *See* Fla. Stat. § 775.82(3)(b). As charged, however, the first degree offense was elevated to a life felony punishable by life in prison. *See* Fla. Stat. § 775.087(1)(a). Fowler entered a no contest plea to the offense in return for a negotiated sentence of 30 years in prison with a 25 year minimum mandatory.

Fowler filed his § 2254 petition alleging that his trial lawyer was ineffective for misadvising him that there was no heat of passion defense in the state of Florida. He had raised this same issue in state court under Florida Rule of Criminal Procedure 3.850, but it was summarily denied. As this Court stated in its previous Order (Dkt. #16), a heat of passion defense is cognizable in the state of Florida as an affirmative defense and, if accepted by the trier of fact, may reduce a second degree murder charge to manslaughter. This Court determined that an evidentiary hearing was necessary to determine what advice was given to Fowler about the heat of passion defense.

## **Standard of Review**

The law regarding ineffective assistance of counsel claims is well settled. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

### **Discussion**

After hearing the testimony and reviewing the evidence, the Court concludes that Fowler's petition should be denied because it fails both prongs of *Strickland*: there was neither deficient performance by Fowler's lawyer nor was Fowler prejudiced.

Fowler testified at the evidentiary hearing that, at the time of the shooting, he was doing cocaine and shooting pool with the victim. The victim's girlfriend was also present. Fowler says he remembers going into his bedroom and snorting cocaine, but he does not remember shooting anyone. Fowler testified that, after his arrest, he asked his lawyer about the heat of passion defense and his lawyer told him that defense was not available. [The lawyer did not say that it was not a valid defense in the state of Florida (the claim Fowler made in his petition), but that the defense was not available to him.] Fowler stated that if he shot the victim, it would only have been because the victim was taunting him about having had sex with Fowler's wife while Fowler's children were in the bed next to them.

Fowler's trial lawyer was Ishir Mehta, an assistant public defender. The state put into evidence Mehta's case notes and the report from Fowler's psychological evaluation. Mehta testified, and the case notes reflect, that he met with Fowler on seven occasions at the jail. He does not remember discussing any particular affirmative defense, but his notes reflect that on one jail visit (November 7, 2011), he discussed a possible self defense theory, and on a visit the next day (November 8, 2011), he again discussed possible defense theories. During the November 8, 2011 jail visit, Mehta was accompanied by attorney Morris Carranza, another public defender who handled homicide cases.

Mehta stated that while he could not remember a specific conversation about any particular affirmative defense, what he always tells his clients is that any particular defense must be supported by the facts of the case. For example, he said, for the self defense theory to be applicable, Fowler would have to testify that he shot the victim, but only did

4

so out of fear for his life. He would have given similar advice about a possible heat of passion defense. He would not have said, and did not say, that there was no heat of passion defense in the state of Florida. The problem for any of these defenses was the same: Fowler would not admit that he actually shot the victim.

In Mehta's very first jail visit with Fowler on July 5, 2011, Fowler told him that he never shot anyone. Fowler said he went into a room and used cocaine, thought about shooting the victim, but did not. In fact, Fowler said he did not even own a gun. Up to and including the time of the negotiated plea, Fowler never told Mehta that he shot the victim.

Similarly, when Mehta had Fowler psychologically examined, Fowler told the examining psychologist that he was at the home of his sister at the time of the shooting. He said he was there taking a shower.

Fowler's attorney at the evidentiary hearing, Mr. Wilson, argued on Fowler's behalf that Mr. Mehta was ineffective in not explaining and using the heat of passion defense because, regardless of Fowler's lack of admission of the shooting, the eye witness (the victim's girlfriend) was quite clear that Fowler shot the victim and Fowler gave a statement to the public defender's investigator shortly after his arrest that the victim had been taunting him. The investigator's notes are in evidence as Defendant's Exhibit 1 and state:

> The victim was daring Jimmie he was a "pussy." He was screwing with his wife in his (Defendant's) house next to his kids – two hours of conversation with the victim. They all were getting high – the guy (victim) kept rubbing in his face (Defendant) that he was screwing his wife!

5

The Court notes that, in spite of telling the investigator about the taunting, Fowler never admits to the investigator that he actually shot the victim. Be that as it may, it cannot be said that a lawyer is ineffective for explaining to a client that a heat of passion defense would necessitate the client testifying that he actually shot the victim. Therefore, the Court finds that Mr. Mehta's performance was not deficient.

Fowler also fails the prejudice prong of *Strickland*. Fowler assumes that, had he presented a heat of passion defense, a jury would have found him guilty of manslaughter, not second degree murder. As this Court noted in its previous Order (Dkt. #16), a heat of passion defense can reduce a second degree murder charge to manslaughter. But the state of Florida has a felony reclassification statute which applies when a firearm is used. Florida Statute § 775.087(1) provides in pertinent part:

> (1)   Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
>
> (a)   In the case of a felony of the first degree, to a life felony.
>
> (b)   In the case of a felony of the second degree, to a felony of the first degree.
>
> (c)   In the case of a felony of the third degree, to a felony of the second degree.

Manslaughter is a second degree felony. Fla. Stat. § 782.07. Because the use of a firearm is not an element of the offense of manslaughter, the crime is subject to

6

reclassification to a first degree felony when a firearm is used. *Minor v. State*, 707 So. 2d 1184 (Fla. 3d DCA 1998).

Even if a jury found Fowler guilty of manslaughter, it would have been elevated to a first degree felony pursuant to Fla. Stat. § 775.087(1), one of the statutes with which Fowler was charged in this case. A first degree felony is punishable by up to 30 years in prison. Therefore, Fowler was not prejudiced by the lack of a heat of passion defense.

Since Fowler's petition fails the deficient performance and the prejudice prongs of *Strickland*, the petition must be denied. It is therefore

ORDERED AND ADJUDGED that:

1. The petition (Dkt. #1) of Jimmie Fowler is hereby denied.

2. The Clerk is directed to enter judgment for Respondents and against Petitioner.

3. The Clerk is directed to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

It is further ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\13-cv-514 deny 2254.docx